**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-13099

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FOSTER D. JOHNSON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cr-00080-TKW-1

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Foster Johnson appealed the District Court's denial of his motion for sentence reduction. Megan Saillant, counsel for Johnson, files a motion to withdraw as counsel pursuant to *Anders v.*

*California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). After reviewing the entire record and finding that there is no non-frivolous issue for appellate review, we grant Saillant's motion to withdraw and affirm the dismissal of Johnson's motion for sentence reduction.

## I.

Johnson pleaded guilty to one count of possession with intent to distribute cocaine base, hydrocodone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D), and one count of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Johnson's offense level was 24, his criminal history category was IV, and his Guidelines' imprisonment range was 77 to 96 months. The Court sentenced him to 96 months' imprisonment on both counts, to run concurrently. In imposing the sentence, the Court explained that it was aware "that there's some changes coming down the pike in the guideline calculations . . . . Irrespective of how that all shakes out, the sentence . . . is the same sentence that I would have imposed." Johnson appealed his conviction and sentence, and our Court affirmed both. *United States v. Johnson*, No. 23-12586, 2025 WL 1621132, at *2 (11th Cir. June 9, 2025).

The Sentencing Guidelines were later amended. *See* U.S.S.G. Amendment 821. Under the amendment, Johnson would have received a criminal history category of III, which would have made his Guidelines' imprisonment range 63 to 78 months. Based on this change, Johnson, represented by counsel, filed a motion for sentence reduction. The District Court denied the motion, stating that

the sentencing factors,[1] particularly Johnson's lengthy criminal history, weighed against the requested reduction. The Court also noted that it had already considered, and rejected, the idea that a sentence shorter than 96 months could be appropriate when it acknowledged at sentencing that the Guidelines were going to be updated.

Johnson filed a pro se notice of appeal, and Megan Saillant now serves as counsel for the appeal. Saillant has filed a motion to withdraw from further representation of Johnson pursuant to *Anders v. California*.

## II.

A lawyer's "role as advocate requires that he support his client's appeal to the best of his ability," but where "counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. That request "must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Counsel should provide the brief to the client, and the client should be allowed time to respond. *Id.* At that point, "the court . . . proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds[,] it may grant counsel's request to

---

[1] In fashioning a sentence, the Court is to consider various factors, including the "nature and circumstances of the offense," the "history and characteristics of the defendant," and the need to deter criminal conduct. 18 U.S.C. § 3553(a).

4                    Opinion of the Court                    25-13099

withdraw and dismiss the appeal insofar as federal requirements are concerned." *Id.*

Here, Saillant met her duty under *Anders*. She filed a brief listing all the possible issues that Johnson may want to pursue and explaining that she could not find any non-frivolous argument among them. She provided a copy to Johnson, and Johnson did not respond.

Our independent review of the entire record reveals that Saillant's assessment of the relative merit of the appeal is correct and that there are no non-frivolous issues for our review. We grant Saillant's motion to withdraw and affirm the District Court's dismissal of Johnson's motion for sentence reduction.

**GRANTED AND AFFIRMED.**